IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHARLES W. RIPLEY, | ) |
| 5011 Southpark Drive, Ste. 200 | ) |
| Durham, NC 27713; | ) |
| | ) |
| PAULA W. RIPLEY, | ) |
| 24 1ST Avenue, | ) |
| Southern Shores, NC 27949; | ) |
| | ) |
| MILLENNIUM COMMERCIAL | ) |
| PROPERTIES LLC, | ) |
| Serve: 5011 Southpark Drive, Ste. 200 | ) |
| Durham, NC 27713; | ) |
| | ) |
| FIRST CITIZENS BANK | ) |
| f/k/a FIRST SOUTH BANK, | ) |
| Serve:4300 Six Forks Rd. | ) |
| Raleigh, NC 27609; and | ) |
| | ) |
| BILL CLARK., | ) |
| 488 Colvard Farms Road, | ) |
| Durham, NC 27713 | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **COMPLAINT**

The plaintiff, the United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, has commenced this civil action to collect for unpaid federal income tax assessments made against Charles W. Ripley and Paula W. Ripley and to

enforce the corresponding tax liens of the United States against the real property located at 488 Colvard Farms Road in Durham NC; and to obtain a judicial sale of the real property with the proceeds from such sale being distributed according to the law.

## JURISDICTION & VENUE

1. Jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1340 and 1345, as well as 26 U.S.C. §§ 7402 and 7403.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1396.

## PARTIES

3. The plaintiff is the United States of America.

4. The defendants are Charles and Paula Ripley who resided in Durham County, which is within this judicial district, when filing the tax returns at issue in this Complaint.

5. Millennium Commercial Properties LLC is a corporation organized under the laws of North Carolina and is joined as a defendant because it may have or claim an interest in the real property that is the subject of this action.

6. First Citizens Bank f/k/a First South Bank is joined as a defendant because it has or may claim an interest in the real property that is the subject of this action.

7. Bill Clark is joined as a defendant because he may have or claim an interest in the real property that is the subject of this action.

## COUNT I - REDUCE FEDERAL INCOME TAX ASSESSMENTS AGAINST CHARLES AND PAULA RIPLEY TO JUDGMENT

8. The United States incorporates by reference the allegations set forth in paragraphs 1 through 7 above.

9. A delegate of the Secretary of Treasury of the United States properly and timely made assessments for unpaid Federal income (Form 1040) taxes against Charles and Paula Ripley (the "Ripleys") on the dates and for the tax periods set forth below:

| Tax Period Ending | Type of Tax | Date of Assessment | Assessment | Balance due as of June 17, 2019 |
|---|---|---|---|---|
| 12/31/2001 | Income | 04/05/2010 | $9,941.00 | $10,512.40 |
| 12/31/2002 | Income | 05/31/2010 | $19,128.64 | $56,555.54 |
| 12/31/2003 | Income | 12/21/2009 | $9,902.00 | $27,907.20 |
| | | | **TOTAL** | **$94,975.14** |

10. Proper and timely notice and demand for payment of the tax assessments described in paragraph 9 was given to the Ripleys.

11. The Ripleys have failed to pay the United States the full amount of the unpaid balance of the tax assessments described in paragraph 9.

12. Statutory additions to tax and interest have accrued and will continue to accrue on the tax assessments described in paragraph 9.

13. By reason of the foregoing tax assessments, the Ripleys are indebted to the United States for Federal income taxes, interest and penalties in the total amount of $94,975.14 as of June 17, 2019, plus interest and costs that have accrued after that date and will continue to accrue according to law.

## COUNT II - REDUCE FEDERAL INCOME TAX ASSESSMENTS AGAINST CHARLES RIPLEY TO JUDGMENT

14. The United States incorporates by reference the allegations set forth in paragraphs 1 through 13 above.

15. A delegate of the Secretary of Treasury of the United States properly and timely made assessments for unpaid Federal income (Form 1040) taxes against Charles Ripley on the dates and for the tax periods set forth below:

| Tax Period Ending | Type of Tax | Date of Assessment | Assessment | Balance due as of June 17, 2019 |
|---|---|---|---|---|
| 12/31/2004 | Income | 07/27/2009 | $17,723.00 | $4,370.66 |
| 12/31/2009 | Income | 12/18/2017 | $8,102.00 | $16,085.88 |
| 12/31/2012 | Income | 12/11/2017 | $1,923.00 | $3,563.25 |
| 12/31/2013 | Income | 12/11/2017 | $27,985.00 | $49,467.23 |
| 12/31/2015 | Income | 12/25/2017 | $14,991.00 | $8,334.43 |
| 12/31/2016 | Income | 12/11/2017 | $41,066.00 | $56,725.98 |
| | | **TOTAL** | | **$138,547.43** |

16. Proper and timely notice and demand for payment of the tax assessments described in paragraph 15 was given to Charles Ripley.

17. Charles Ripley has failed to pay the United States the full amount of the unpaid balance of the tax assessments described in paragraph 15.

18. Statutory additions to tax and interest have accrued and will continue to accrue on the tax assessments described in paragraph 15.

19. By reason of the foregoing tax assessments, Charles Ripley is indebted to the United States for Federal income taxes, interest and penalties in the total amount of $138,547.43 as of June 17, 2019, plus interest and costs that have accrued after that date and will continue to accrue according to law.

**COUNT III – FORECLOSE THE FEDERAL TAX LIENS THAT ENCUMBER THE SUBJECT REAL PROPERTY BECAUSE CHARLES AND PAULA RIPLEY ARE THE TRUE AND BENEFICIAL OWNERS OF THE SUBJECT REAL PROPERTY TITLED IN THE NAME OF MILLENNIUM COMMERCIAL PROPERTIES INC.**

20. The United States incorporates by reference the allegations set forth in paragraphs 1 through 19 above.

21. On February 18, 1997, Millennium Commercial Properties LLC was established by filing with the North Carolina Secretary of State. Defendant Charles Ripley was the only officer of the corporation at initiation and, based on information and belief, remains the president and sole shareholder of the corporation.

22. On December 30, 1999, Millennium Commercial Properties LLC bought the real property located at 488 Colvard Farms Road, Durham NC 27713 (the "Subject Real Property") from UAP/GA Chem Inc., as evidence by the deed attached hereto as Exhibit 1. The Subject Real Property is more particularly described on page 1 of Exhibit 1.

23. Upon information and belief, the Ripleys enjoy the benefits of ownership of the Subject Real Property described in paragraph 22, above, including by having used the Subject Real Property as their primary residence, registering automobiles to the home, and deducting the interest paid on the mortgage for the property and the property tax paid on the property from their personal Federal income taxes.

24. Upon information and belief, the Ripleys incur the burdens of ownership of the Subject Real Property described in paragraph 22 including paying for utilities such as electricity and television services from personal accounts, utilizing another company

controlled by the Ripleys to pay the taxes and the mortgage on the property, and having the mortgages on the property reported on the Ripleys personal credit reports.

25.     Millennium Commercial Properties LLC holds bare legal title to the Subject Real Property described in paragraph 22 as the Ripleys' nominee and/or alter ego.

26.     The Ripleys are the true and beneficial owner of the Subject Real Property described in paragraph 22.

27.     By reason of the assessments made against the Ripleys for unpaid Federal income taxes described in paragraph 9 and the assessments made against Charles Ripley in paragraph 15, Federal tax liens arose on the dates of the assessments and, pursuant to 26 U.S.C. §§ 6321 and 6323, attached to all property and rights to property owned or thereafter acquired by the Ripleys including the Subject Real Property, which is titled in the name of the Ripleys' nominee and/or alter ego, Millennium Commercial Properties LLC.

28.     The Internal Revenue Service filed notices of Federal tax liens against the Ripleys with the Durham County Superior Court reflecting the assessments in paragraph 9 on the following dates :

| Tax Period Ending | Notice of Lien Filed |
| --- | --- |
| 12/31/2001 | 7/16/2012 |
| 12/31/2002 | 7/16/2012 |
| 12/31/2003 | 7/16/2012 |

29.     The Internal Revenue Service filed notices of Federal tax liens against Charles Ripley with the Durham County Superior Court reflecting the assessments in paragraph 15 on the following dates :

| Tax Period Ending | Notice of Lien Filed |
|---|---|
| 12/31/2004 | 7/16/2012 |
| 12/31/2009 | 2/21/2018 |
| 12/31/2012 | 2/21/2018 |
| 12/31/2013 | 2/21/2018 |
| 12/31/2015 | 2/21/2018 |
| 12/31/2016 | 2/21/2018 |

30. The IRS filed notices of the Federal tax liens against Millennium Commercial Properties LLC as the alter ego/nominee of the Ripleys with the Durham County Superior Court reflecting the assessments in paragraphs 9 and 15 on the following dates:

| Tax Period Ending | Notice of Lien Filed |
|---|---|
| 12/31/2001 | 11/02/2016 |
| 12/31/2002 | 11/02/2016 |
| 12/31/2003 | 11/02/2016 |
| 12/31/2004 | 11/02/2016 |
| 12/31/2009 | 3/14/2018 |
| 12/31/2012 | 3/14/2018 |
| 12/31/2013 | 3/14/2018 |
| 12/31/2015 | 3/14/2018 |
| 12/31/2016 | 3/14/2018 |

31. The United States has valid and subsisting tax liens that encumber the Subject Real Property described in paragraph 22, which is being held by the nominee and/or alter ego of the Ripleys. These Federal tax liens should be foreclosed against Subject Real Property; the Subject Real Property be sold free and clear of any right, title, lien, claim or interest of any of the defendants herein; and the proceeds be distributed according to the law.

**COUNT IV – IN THE ALTERNATIVE, FORECLOSE THE FEDERAL TAX LIENS THAT ENCUMBER THE CHARLES RIPLEY'S INTEREST IN THE SUBJECT REAL PROPERTY ATTRIBUTABLE TO HIS RIGHTS AS PRESIDENT AND SOLE SHAREHOLDER OF MILLENNIUM COMMERCIAL PROPERTIES LLC**

32. The United States incorporates by reference the allegations set forth in paragraphs 1 through 31, above.

33. If the court does not find the Ripleys to be the true and beneficial owner of the Subject Real Property, then the United States' tax liens encumber Charles Ripley's interest in the Subject Real Property attributable to his rights as president and sole shareholder of Millennium Commercial Properties LLC.

34. By reason of the assessments made against the Charles Ripley for unpaid Federal income taxes described in paragraphs 9 and 15, Federal tax liens arose on the dates of the assessments and, pursuant to 26 U.S.C. §§ 6321 and 6323, attached to all property and rights to property owned or thereafter acquired by Mr. Ripley including Mr. Ripley's property rights as the president and sole shareholder of Millennium Commercial Properties LLC.

35. As a president and sole shareholder of Millennium Commercial Properties LLC, Charles Ripley has rights to the Subject Real Property owned by the corporation as defined by corporate bylaws and/or the law.

36. The United States' tax liens encumber the rights and interest of Mr. Ripley with respect the Subject Real Property nominally owned by Millennium Commercial Properties LLC.

37. The United States has valid and subsisting tax liens that encumber Mr. Ripley's interest in the Subject Real Property, described in paragraph 22, attributable to his rights as president and sole shareholder of Millennium Commercial Properties LLC. These Federal

tax liens should be foreclosed against Mr. Ripley's interest in the Subject Real Property; the Subject Real Property be sold free and clear of any right, title, lien, claim or interest of any of the defendants herein; and the proceeds be distributed according to the law.

**WHEREFORE**, the United States of America respectfully prays for judgment in its fair and equitable determination as follows:

(a) As to Count I, that the Court render judgment in favor of the United States against Charles and Paula Ripley in the total amount of $94,975.14 as of June 17, 2019, plus interest and costs that have accrued after that date and will continue to accrue according to law, until paid;

(b) As to Count I, that the Court render judgment in favor of the United States against Charles Ripley in the total amount of $138,547.43 as of June 17, 2019, plus interest and costs that have accrued after that date and will continue to accrue according to law, until paid;

(c) As to Count III, that that the Court adjudge and decree that Charles and Paul Ripley are the true and beneficial owners of the Subject Real Property; that the United States has valid and subsisting tax liens that attach to and encumber the Subject Real Property; that the real property be sold free and clear of any right, title, lien, claim or interest of any of the defendants herein; and that the proceeds of the sale of the real property be distributed according to the law;

(d) Alternatively, as to Count IV, that that the Court adjudge and decree that the United States has valid and subsisting tax liens that attach to and encumber the Charles Ripley's interest in the Subject Real Property attributable to Mr. Ripley's rights as president and sole shareholder of Millennium Commercial Properties

LLC; that the real property be sold free and clear of any right, title, lien, claim or interest of any of the defendants herein; and that the proceeds of the sale of the real property be distributed according to the law; and

(e) That the Court grants the United States such other relief as it deems just and proper.

Dated: September 27, 2019.

MATTHEW G. T. MARTIN
United States Attorney

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s / Kunal J. Choksi
KUNAL J. CHOKSI
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Telephone: 202-305-3136
Fax: (202) 514-6866
Email: Kunal.J.Choksi@usdoj.gov

Exhibit 2

Prepared by Richard H. Bradford
Return to Grantee
R/S $651.00 Durham Co.

```
FOR REGISTRATION WILLIE L. COVINGTON
          REGISTER OF DEEDS
          DURHAM COUNTY, NC
        2000 JAN 06 03:25:17 PM
   BOOK:2764 PAGE:564-566 FEE:$10.00
     NC REAL ESTATE EXCISE TAX:$651.00
          INSTRUMENT # 2000000475
```

## NORTH CAROLINA GENERAL WARRANTY DEED

This Deed is made and entered into on the 30 day of December, 1999, by and between UAP/GA AG CHEM, INC., as GRANTOR, whose address is shown below; and MILLENNIUM COMMERCIAL PROPERTIES, LLC, GRANTEES whose mailing address is as follows:

GRANTEES:  Millennium Commercial Properties, LLC
           1912 Hwy 54, Suite 200
           Durham, NC 27713

By making this Deed the GRANTOR, in exchange for good and valuable consideration, the receipt of which is acknowledged, has and by this instrument does grant, bargain, sell and convey to the GRANTEE a fee simple interest in all that certain lot or parcel of real property more particularly described as follows:

Lying and being in Durham County, Triangle Township and Chatham County, Williams Township, comprising two Tracts more particularly described as follows:

**Tract 1**: All of Parcel 1, containing 43.26 acres, more or less, as shown on the map of survey thereof dated February 5, 1979 by William O. Yates, N.C. R.L.S., now of record in the Office of the Chatham County Register of Deeds in Plat Book 25 at Page 23, and in the Office of the Durham County Register of Deeds, in Plat Book 95 at Page 67, to which maps references are hereby made for a more particular description of the same. LESS AND EXCEPTED therefrom is all of Parcel C, containing 0.16 acres, located in Triangle Township, Durham County, as shown on the map of survey of the Property of Lyman L. Wilkins and Dwight C. Little, dated December 10, 1994, by William O. Yates, N.C. R.L.S., now of record in the Office of the Durham County Register of Deeds, in Plat Book 110 at Page 26, to which map reference is hereby made for a more particular description of the same.

**Tract 2**: All of Parcel B, containing 1.81 acres, located in Durham County, as shown on a map of the Property of Lyman L. Wilkins and Dwight C. Little, dated December 10, 1994, by William O. Yates, N.C. R.L.S., now of record in the Office of the Durham County Register of Deeds, in Plat Book 110 at Page 26, to which map reference is hereby made for a more particular description of the same.

The property described has a street address of _____.

By this conveyance from GRANTOR, GRANTEE shall have and hold the above described property and all privileges and appurtenances thereto belonging to the GRANTEE in fee simple. GRANTOR received the above-described property by instrument recorded in Book 2421 Page 314 of the Durham County Registry; and in Book 790 Page 922 of the Chatham County Registry.

GRANTOR further covenants with GRANTEE, that GRANTOR is seized of the property described in fee simple, that they have the rights to convey the same in fee simple, that legal and equitable title is free and clear of all encumbrances, and that GRANTOR will warrant and defend the title against the lawful claims of all persons whomsoever except as hereafter stated:
1) Any applicable easements, rights of way as may be recorded in the Durham or Chatham County Registries.
2) Taxes for the year of 1999 and subsequent years.

In witness whereof, GRANTOR have signed this instrument and affixed their seals, as of the date first above written.

UAP/GA AG CHEM, , INC.

X_____
By: Steve Williams, Vice-President
Address:


State of Georgia
County of Dougherty

I, Connie S. Fennell, a Notary Public for the State and County aforesaid, certify that Steve Williams personally appeared before me this day and acknowledged that he is the Vice-President of UAP/GA AG Chem, , Inc., a Georgia corporation, and that being authorized to do so, executed the foregoing on behalf of the corporation. Witness my hand and seal this 30th day of December, 1999.

My commission expires: 3/2/2003    Connie S. Fennell   Notary Public





**WILLIE L. COVINGTON
REGISTER OF DEEDS , DURHAM COUNTY
DURHAM COUNTY COURTHOUSE
200 E. MAIN STREET
DURHAM, NC 27701**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Filed For Registration: | 01/06/2000 03:25:17 PM |
| Book: | RE 2764 Page: 564-566 |
| Document No.: | 2000000475 |
| | DEED 3 PGS $10.00 |
| NC REAL ESTATE EXCISE TAX: | $651.00 |
| Recorder: | SHARON DAVIS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

State of North Carolina, County of Durham

The foregoing certificate of CONNIE S FENNELL Notary is certified to be correct. This 6TH of January 2000

WILLIE L. COVINGTON , REGISTER OF DEEDS By: _/s/ Sharon Q. Davis_

　　　　　　　　　　　　　　　　　　　　　　　　Deputy/Assistant Register of Deeds

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*



2000000475

## EXHIBIT A (TO DEED OF TRUST)

*FIDELITY BANK*

Borrower(s):
CHARLES W RIPLEY JR
PAULA W RIPLEY

4203 SETTLEMENT DRIVE
DURHAM, NC 27713-

Lying and being in Durham County, and BEING all of Lots 1 and 2, Property of Hunter-Millennium, as shown on the plat and survey thereof by J. Lee Gragg Civil Engineering and Land Surveying dated March 1, 2000 and recorded in Plat Book 146, Page 125 of the Durham County Registry; to which Plat reference is hereby made for a more particular description of the same.

*FINANCIAL COMPUTING, INC. EXHADOT (05/2002)*



WILLIE L. COVINGTON
REGISTER OF DEEDS, DURHAM COUNTY
DURHAM COUNTY COURTHOUSE
200 E. MAIN STREET
DURHAM, NC 27701

## PLEASE RETAIN YELLOW TRAILER PAGE

It is part of recorded document, and must be submitted with original for re-recording and/or cancellation.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Filed For Registration: | 09/09/2011 11:37:01 AM |
| Book: | RE 6797 Page: 22-35 |
| Document No.: | 2011027119 |
| | D-T 14 PGS $66.00 |
| Recorder: | APRIL J WILLIAMS |

2011027119



JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
Charles Ripley, Paula Ripley, Millennium Commercial Properties LLC, First Citizens Bank f/k/a First South Bank, Bill Clark

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Durham
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kunal J. Choksi, Department of Justice, Tax Division, P.O. Box 227, Washington, DC 20044; (202) 307-3136

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | [X] 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. 7401, 7403

Brief description of cause:
Suit to reduce federal income tax assessments to judgment and foreclose on tax lien

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 233,522.57

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: 
DOCKET NUMBER:

DATE: 09/27/2019
SIGNATURE OF ATTORNEY OF RECORD: /s/ Kunal J. Choksi

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Case 1:19-cv-01005   Document 1-2   Filed 09/27/19   Page 1 of 2

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.